**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:23-cr-03086-MDH-1 |
| | ) | |
| CARL POPEJOY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* motion requesting compassionate release. (Doc. 52). Defendant is serving a 78-month sentence for receipt and distribution of child pornography. Defendant moves for a reduction in sentence to time served. Defendant argues that extraordinary and compelling reasons exist due to medical circumstances.

The Government opposes Defendant's requests arguing he is not entitled to appointment of counsel in a sentence modification proceeding, he has not demonstrated extraordinary and compelling reasons justifying a reduction, and the factors set forth in 18 U.S.C. § 3553(a) do not justify a reduction in sentence.

On October 10, 2024, Popejoy pleaded guilty to a one-count indictment charging receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). (Doc. 28). At sentencing, this Court found that his total offense level was 34, with a criminal history category of I, yielding an advisory Sentencing Guidelines range of 151 to 188 months' imprisonment. (Doc. 38, PSR ¶ 52). This Court sentenced Popejoy to 78 months' imprisonment, followed by a 10-year term of supervised release. (Doc. 37). On March 31, 2026, Popejoy filed the instant motion seeking immediate release under 18 U.S.C. § 3582(c)(1)(A) due to medical circumstances. (Doc. 48).

1

Popejoy is currently incarcerated at the Federal Medical Center located in Butner, North Carolina, with a projected release date of April 21, 2030.

## STANDARD

A district court cannot grant a § 3582(c)(1)(A) reduction unless the defendant meets three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13, including that the defendant is not a danger to another person or the community; (3) and the § 3553(a) factors weigh in favor of compassionate release. See *United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022).

## DISCUSSION

### A. Appointment of Counsel

Defendant moves this Court to appoint counsel to assist him with his motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 49). Defendant has no right to counsel in this instance. The Eighth Circuit has determined that a defendant does not have a Sixth Amendment right to counsel in connection with a Section 3582(c) motion. See *United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009); *United States v. Harris*, 568 F.3d 666 (8th Cir. 2009); *United States v. Webb*, 565 F 3d 789, 793-95 (11th Cir. 2009) (defendant did not have the right to counsel for a motion for compassionate release). Therefore, Defendant's Motion to Appoint Counsel is **DENIED**.

### B. U.S.S.G. § 1B1.13

Defendant seeks relief under U.S.S.G. § 1B1.13(b)(1)(A) based on his medical conditions. The Government argues he has not demonstrated extraordinary and compelling reasons justifying

2

a reduction. However, in a previous motion for compassionate release that was denied for failure to exhaust administrative remedies, the Government conceded that Defendant had demonstrated an "extraordinary and compelling reason" in his terminal illness. (Doc. 44). Nevertheless, then and now, the Government argues the factors set forth in 18 U.S.C. § 3553(a) do not justify a reduction in sentence.

### C. § 3553(a)

The Government asks the Court to deny the motion based on the § 3553(a) factors. The Court has broad discretion in weighing the § 3553(a) factors, although it is not required to address every factor. See *United States v. Milton*, 11 F.4th 597, 601 (8th Cir. 2021); see also *United States v. Webster*, 611 F. Supp. 3d 194 (E.D. Va. 2020) ("Even if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). In making this determination, the district court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) . . . ." U.S.S.G. § 1B1.13(2). This includes considering the person's character; physical and mental condition; their past conduct; their criminal history; and whether, at the time of the offense, the person was on probation or parole. See 18 U.S.C. § 3142(g)(3). Moreover, the court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. Should the district court conclude the defendant does not pose a danger to any person or the community, it must then continue to evaluate the factors under § 3553(a). See 18 U.S.C. § 3582(c)(1)(A); *United States v. Marcussen,* 15 F.4th 855, 859 (8th Cir. 2021).

The Government argues the § 3553(a) factors—including the nature of the offense, the history and characteristics of the defendant, and the need to protect the public and provide deterrence—caution against granting Defendant's motion.

In support of that argument the Government states: Popejoy had downloaded files as early as July 2018 (PSR ¶ 8); he used a Tor browser to engage in distribution of child pornography (PSR ¶ 9); and he had significant health issues at that time, and it did not prevent him from using advanced technology to receive and distribute child pornography.

The Government cautions that Defendant does not appear to have strong social or familial support and that will create obstacles including finding an appropriate home plan and finding appropriate social interactions that will help him navigate his health issues, his substance abuse, and any mental health or sexual issues that led him to consume child pornography. (PSR ¶¶ 40 – 42). Further, there are several unanswered questions as to whether he can comply with his sex offender requirements and restrictions.

Defendant has served just over 18 months, approximately 23 percent of his significantly below-guidelines 78-month sentence, and significantly less than the five-year statutory minimum sentence. The Government argues a reduction to time served would be a significant downward variance, leading to unjust sentencing disparity from other defendants who were convicted of similar offenses. The Court agrees. Releasing Defendant early would not reflect the seriousness of his offense, deter future illegal conduct, deter others from committing the same crimes, provide just punishment, promote respect for the law, or protect the community. Coupled with the lack of a detailed home release plan as required by 28 C.F.R. § 571.61(a), the Motion for Compassionate Release is **DENIED**.

## **CONCLUSION**

For the reasons stated herein, and in the Government's opposition (Doc. 52), Defendant's Motion for Compassionate Release is hereby **DENIED**.

4

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 12, 2026              */s/ Douglas Harpool*
                                         **DOUGLAS HARPOOL**
                                         **UNITED STATES DISTRICT JUDGE**